## SUPREME COURT.

THOMAS RIGNEY agt. SAMUEL W. TALLMADGE.

Where a *conveyance* of real estate is made absolute on its face, but in fact for the purpose of security to the grantee, as a bona fide creditor, the law does not hold such a conveyance fraudulent; and the making of it, where the object is shown to be one which can be sustained, cannot be declared to be evidence of a fraudulent intent as to other creditors.

Where a motion is made to set aside an attachment, and pending the motion the plaintiff procures a report of a referee, to whom the action had been referred, in his favor, finding that the transfer of property by the defendant was fraudulent, such report can have no effect or control in the decision of the motion.

The mere neglect to defend an action brought against a debtor, without showing fraud and collusion between the plaintiff and defendant, would not be sufficient evidence to declare the judgment fraudulent, so as to authorize an attachment against the defendant by other creditors.

*New -York Special Term, September,* 1859.

THIS case came before the court on defendant's motion to discharge an attachment which the plaintiff had obtained against him.

INGRAHAM, Justice. An attachment was issued in this case against the defendant, Tallmadge, upon the ground that the defendant had disposed of his property with the intent to defraud his creditors. The plaintiff, by affidavit, proved several

transfers of property which, as stated by him, warranted the conclusion that such transfers were made with such fraudulent intent. Since that attachment was issued, the plaintiff has obtained from the referee, to whom the action was referred, a report in his favor for a large amount.

This motion to set aside the attachment was made before such report was obtained, and must be decided irrespective of the findings of the referee.

The alleged fraudulent transfers of property, in which the attachment was issued, were to Andrew Harder and James C. Cook, and the plaintiff also avers that the defendant suffered judgments to be recovered against him for the same purpose. The allegations as to the judgments were not considered sufficient at the time to warrant the attachment, and, of course, at this time it is unnecessary to examine those allegations further. It is enough to say that a mere neglect to defend actions brought against a debtor without showing fraud and collusion between the plaintiff and defendant, would not be sufficient for such a purpose. No such evidence exists in this case, and I suppose those facts were only alleged for the purpose of adding weight to the other charges made against the defendant.

On this motion the defendant has furnished evidence to disprove the supposed fraudulent acts set out in the plaintiff's affidavits.

In regard to the conveyance to Harder, he shows that Harder and others became sureties for the defendant to an amount exceeding $6,000, received from him a mortgage for the purpose of securing them against any loss thereby, which was so expressed in the mortgage, and that the conveyance referred to was executed to secure Harder against other undertakings which he had entered into to a considerable amount. Harder expressly denies any fraudulent motive and avers that he holds the same solely as such security, and in all other respects that the same is subject to the claims of Tallmadge and his creditors. These allegations are sustained by the affidavits of Joel D. Smith, another surety for the defendant, and who was to be protected by such conveyance.

The conveyance to Cook is shown to have been made for the purpose of securing a claim which the Union Bank of Albany had against Tallmadge, and the reasons for making the conveyance to Cook, who was the attorney and counsel for the bank, are also explained in the said affidavit. These facts are set forth in an affidavit made by Cook, and all the statements, as made by Harder and Cook, are also sworn to by Tallmadge, and all allegations of fraudulent intent are denied by him.

I cannot, on carefully examing these papers, avoid the conclusion that these affidavits on the part of the defendant are sufficient to rebut any presumption of fraudulent intent arising from the matters set out in the plaintiff's affidavits. I think they show that the conveyances were made for an honest purpose, and although it would have been better to have made the conveyances so as to show on the face of them the purpose for which they were made—still, the law does not hold such conveyances to be fraudulent; and if not, the making of them, where the object is shown to be one which can be sustained, cannot be declared to be evidence of a fraudulent intent as to other creditors.

Many of the matters stated on behalf of the plaintiff are alleged to be on information and belief. These are disproved by the positive allegations of the defendant, and cannot, therefore, furnish any ground for continuing the attachment.

While, however, I have aimed at the conclusion to discharge the attachment, I think the plaintiff should be protected against any action on behalf of the defendant for issuing the same. The defendant by his acts gave some cause of suspicion to the plaintiff, which would have been avoided if the conveyances had shown upon their face the object for which they were executed.

In granting the motion I shall require the defendant to stipulate not to bring any action on account of issuing the attachment, and to be limited to such redress as he may be entitled to for actual damage on the undertaking filed when the attachment was granted.

The motion to discharge the attachment granted, with $10

costs, on the defendant stipulating not to sue for damages or take any proceedings therefor, except upon the undertaking filed on the issue of such attachment for actual injury sustained thereby.